IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20CR2 |
| v. | |
| TIMOTHY E. CARUSO, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Timothy Caruso's ("Caruso") *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 174). He also moves (Filing Nos. 177, 181) the Court to appoint counsel to assist him with his § 2255 motion and for an extension of time to file a reply. For the reasons stated below, all three motions are denied, and no certificate of appealability will issue.

I.   BACKGROUND

Caruso is "[a] repeat sex offender" who "used the social-media website Pinterest to trade child pornography." *United States v. Caruso*, 63 F.4th 1197, 1200 (8th Cir. 2023). On July 15, 2021, a jury found Caruso guilty of distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), and accessing child pornography with intent to view, in violation of 18 U.S.C. § 2252(a)(4)(B). Upon receiving the case after the evidence was presented, the jury deliberated for a little more than three hours over two days before finding Caruso guilty of both counts.

After trial but before sentencing, the Court granted Caruso's "motion to dismiss" his trial counsel, Julie Frank ("Frank"), and appointed Dana C. Bradford, III ("Bradford") to represent him under the Criminal Justice Act, 18 U.S.C. § 3006A (Filing Nos. 103, 104, 110, 111). Bradford represented Caruso at sentencing, challenging his offense level

under the United States Sentencing Guidelines and asking the Court to take note of Caruso's "unfortunate upbringing."

The Court sentenced Caruso on November 23, 2021, to concurrent sentences of 180 months in prison on the first count and 120 months in prison on the second count. At the hearing, Caruso also admitted to violating the terms of supervision he was under in Case No. 8:16CR276. The Court revoked Caruso's supervised release and sentenced him to 14 months in prison. That sentence and his sentences in this case run consecutively.

With Bradford as counsel, Caruso unsuccessfully appealed his conviction, primarily challenging the sufficiency of the evidence against him. *See Caruso*, 63 F.4th at 1201-02. The Eighth Circuit rejected his arguments that (1) uploading an image to Pinterest did not constitute distribution, (2) the government failed to prove Caruso uploaded the image, and (3) the Court erred in admitting propensity evidence under Federal Rules of Evidence 403 and 404(b). *Id.* at 1201-04.

On March 4, 2024, Caruso moved to vacate pursuant to § 2255, arguing Frank and Bradford provided ineffective assistance of counsel in this Court and on appeal. He seeks "a complete reversal of [his] convictions and sentence." The government vehemently opposes granting Caruso any relief (Filing No. 179).

## II.   DISCUSSION
### A.   Motion to Vacate

Section 2255(a) authorizes a federal prisoner like Caruso to seek post-conviction relief if his "sentence was imposed in violation of the Constitution or laws of the United States, or . . . is otherwise subject to collateral attack." *See also Odie v. United States*, 42 F.4th 940, 944 (8th Cir. 2022) (noting relief under § 2255 includes potential remedies for constitutional errors "and errors of law"). The scope § 2255's "remedy 'does not encompass all claimed errors in conviction and sentencing.'" *Sun Bear v. United States*,

644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). "The miscarriage-of-justice exception 'is a narrow one' that 'arise[s] in only limited contexts,'" such as an "unknowing and involuntary" appeal waiver or a sentence that is illegal or "that violates the terms of an agreement." *United States v. Williams*, 81 F.4th 835, 840 (8th Cir. 2023) (alteration in original) (quoting *United States v. Sisco*, 576 F.3d 791, 798 (8th Cir. 2009)).

In evaluating a § 2255 motion, the Court generally must hold an evidentiary hearing. 28 U.S.C. § 2255(b). But a hearing is unnecessary when, as here, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.*; *see also Evans v. United States*, 200 F.3d 549, 551 (8th Cir. 2000) ("A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusory.").

B.   **Appointment of Counsel and Additional Time to Reply**

The nature of Caruso's claims and the lack of a need for an evidentiary hearing also impact his request for appointed counsel. A prisoner seeking relief under § 2255 does not have a statutory or constitutional right to counsel in those proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (reiterating "the right to appointed counsel extends to the first appeal of right, and no further"); *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) ("[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings.").

3

Of course, the Court can appoint counsel for an indigent prisoner if the interests of justice warrant it. *See* 28 U.S.C. § 2255(g); 18 U.S.C. § 3006A(a)(2)(B). But an appointment is generally only required if the Court holds an evidentiary hearing. *See Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Courts.

As discussed above, a hearing is not needed to fully address Caruso's claims, which have been thoroughly briefed. And the Court is not convinced the interests of justice require the appointment of counsel in the circumstances of this case. Caruso's ineffective-assistance claims are not particularly complex, and he has done an effective job of investigating and articulating the basis for his claims. *See Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994) (listing factors to consider in deciding whether to appoint counsel, including the potential merit of the claims, the legal and factual complexity of the arguments, the prisoner's "ability to investigate and present his claim, and any other relevant factors"). Caruso's claims simply do not warrant relief under § 2255. His request for the appointment of counsel and for additional time to reply are therefore denied.

C. **Allegations of Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution guarantees Caruso the right to effective assistance of counsel at all critical stages of his criminal case, including any plea negotiations, trial, sentencing, and appeal. U.S. Const. amend. VI; *Lee v. United States*, 582 U.S. 357, 363 (2017); *Strickland v. Washington*, 466 U.S. 668, 698 (1984). Caruso argues Frank's and Bradford's deficient performances violated his right to counsel.[1]

---

[1]In his brief (Filing No. 175), Caruso occasionally mentions his right to due process under the Fifth Amendment to the United States Constitution. But he largely couches those references in terms of Frank's purportedly deficient performance before and during trial as discussed more fully below. To the extent Caruso asserts a separate

4

To establish ineffective assistance by either of them, Caruso must show that their representation was both deficient and prejudicial to his defense. *See Strickland*, 466 U.S. at 687-88; *Dressen v. United States*, 28 F.4th 924, 928 (8th Cir. 2022). In other words, he must show that their "representation fell below an objective standard of reasonableness" and created "a reasonable probability that, but for [their] unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. Absent both showings, the Court must dismiss his claims. *See United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999).

Caruso's burden is a heavy one. *Deroo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). "Judicial scrutiny of counsel's performance is highly deferential." *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006). The Court not only indulges "a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment," *id.*, but also makes "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time," *Strickland*, 466 U.S. at 689. Frank's and Bradford's respective performances are deficient only if they "made errors so serious that [they were] not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

Showing prejudice is just as hard. *See Strickland*, 466 U.S. at 692-95. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. To establish prejudice, he "must show 'that counsel's errors were so serious as to deprive'" him of a fundamentally fair and reliable proceeding. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 372 (1993) (quoting *Strickland*, 466 U.S. at 687).

---

due-process claim based on allegations of missing discovery, perjured testimony, or otherwise, the Court finds the claim is without merit.

"When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695. The answer to that question depends on the "the totality of the evidence before the judge or jury." *Id.* "[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Id.* at 696. "When there is overwhelming evidence of guilt presented, it may be impossible to demonstrate prejudice." *Christenson v. Ault*, 598 F.3d 990, 997 (8th Cir. 2010) (citing *Strickland*, 466 U.S. at 700).

In this case, Caruso asserts individual ineffective-assistance claims against Frank and Bradford. He further argues their "cumulative errors" and "the combined ineffectiveness of both counsel" warrant relief.

Taking the last point first, Caruso is mistaken about the scope of relief available under § 2255. *See Shelton v. Mapes*, 821 F.3d 941, 951 (8th Cir. 2016) ("Habeas relief will not be granted based on the cumulative effect of attorney errors."). The Eighth Circuit has consistently held that *Strickland* does not require a "cumulative performance inquiry." *Forrest v. Steele*, 764 F.3d 848, 860 (8th Cir. 2014) (rejecting the defendant's request under 28 U.S.C. § 2254 "to bundle the individual claims of attorney error and determine whether the body of these alleged faults, en masse, overcome *Strickland*'s presumption of reasonableness"); *see also Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir. 1996) ("Errors that are not unconstitutional individually cannot be added together to create a constitutional violation. Neither cumulative effect of trial errors nor cumulative effect of attorney errors are grounds for habeas relief.") (citing *United States v. Stewart*, 20 F.3d 911, 917-18 (8th Cir. 1994)). Therefore, any argument based on alleged accumulation of errors by Frank, Bradford, or both must fail.

Turning to Caruso's individual claims, he states Frank failed to properly investigate and present an adequate defense in his case. More specifically, he faults

Frank for failing to (1) obtain discovery under Federal Rule of Criminal Procedure 16(a)(1)(E), (2) "argue and preserve" the factors set forth in *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), in relation to the image of child pornography for which he was convicted, (3) "prepare, inspect, and impeach via" the Jencks Act, 18 U.S.C.A. § 3500(b), and (4) properly use the forensic expert she retained.

Caruso briefly raises similar complaints about Bradford's purported failure to discover additional evidence, vindicate Caruso's constitutional rights, and effectively use the *Dost* factors. Caruso also vaguely asserts Bradford's "inability to bring grounds stronger than the issues brought in his appellate brief clearly highlight the ineffectiveness."

Having carefully applied *Strickland* to each of Caruso's ineffective-assistance claims, the Court finds he has not met his burden for any of them. *See*, *e.g.*, *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011) ("Failure to establish either *Strickland* prong is fatal to an ineffective-assistance claim."). Caruso is correct that his counsel had "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strong v. Roper*, 737 F.3d 506, 517 (8th Cir. 2013) (quoting *Strickland*, 466 U.S. at 691). But counsel, not the defendant, "has the responsibility of making tactical decisions of trial strategy." *Thomas v. United States*, 737 F.3d 1202, 1207 (8th Cir. 2013). And "decisions on what to investigate are accorded heavy deference." *Russell v. Jones*, 886 F.2d 149, 152 (8th Cir. 1989).

The record in this case indicates Frank (and her predecessor) sufficiently investigated this case and, with the help of a forensic examiner, presented a sound defense in very difficult circumstances—juries do not like hearing evidence of child exploitation. *See Strickland*, 466 U.S. at 689-90. "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Id.*

Caruso quibbles about some of the evidence in this case and how it was used (or not used) at trial and on appeal. But he does not come close to establishing that his counsels' representation of him either at trial or on appeal fell "outside the wide range of professionally competent assistance" under the circumstances of this case, let alone that a different presentation of the evidence in question would have led to a not-guilty verdict or a reversal on appeal. *Id.* 690-91 (reiterating the strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment").

Further, as the government points out, failing to discover or fully capitalize on "a particular piece of marginally helpful information does not render legal representation constitutionally deficient." *Ford v. United States*, 917 F.3d 1015, 1022 (8th Cir. 2019). And while Caruso fixates on ancillary issues, the other evidence of his guilt was very strong. *See Caruso*, 63 F.4th at 1201-02 (rejecting Caruso's sufficiency-of-the-evidence arguments); *Christenson*, 598 F.3d at 997 (describing the difficulty of demonstrating prejudice in the face of "overwhelming evidence of guilt").

The Court reaches the same conclusion with respect to Caruso's other criticisms of his counsels' tactical decisions and handling of the evidence. For instance, Caruso argues Frank and Bradford should have focused more on the *Dost* factors in his defense. Those factors, which courts use "[i]n determining whether an image is lascivious," include "(1) whether the focal point of the image is on the minor's genital or pubic area; (2) whether the setting of the image is sexually suggestive; (3) whether the minor is depicted in unnatural poses or inappropriate attire considering the minor's age; (4) whether the minor is fully or partially clothed or is nude; (5) whether the image suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the image is intended to elicit a sexual response in the viewer." *United States v. Lohse*, 797 F.3d 515, 520 (8th Cir. 2015) (citing *Dost*, 636 F. Supp. at 832).

These factors "are 'neither definitive nor exhaustive' in determining lasciviousness, and not all of them must be present for an image to be unlawful. *United States v. Johnson*, 639 F.3d 433, 440 (8th Cir. 2011) (quoting *United States v. Horn*, 187 F.3d 781, 789 (8th Cir. 1999)). At trial, the Court instructed the jury on the law related to the *Dost* factors in Instruction No. 12 (Filing No. 96) and presumes the jury followed the instructions in finding Caruso guilty. *See United States v. Belt*, 61 F.4th 594, 597 (8th Cir. 2023) ("The jury is presumed to follow all instructions.").

Caruso contends the image that the jury found to be child pornography in his case—which the government aptly describes as showing "minor girls in a bathtub, facing the camera, with their legs above their shoulders, around the neck"—is "an example of what parents do with their children during bath-time or even bathroom times." In Caruso's view, the focal point and setting of the image indicate it was not lascivious under the *Dost* factors. He faults Frank for not more effectively making that point to the jury.

The government forcefully argues that a parent's innocent bath photo is "grossly distinguishable from Caruso's child pornographic image." The government asserts any "failure to argue the *Dost* factors [was] not because [Frank] was deficient, but because such a claim would have been preposterous and frivolous."

The Court agrees the argument is without merit. *See Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam) (explaining "counsel's failure to advance a meritless argument cannot constitute ineffective assistance"). Put simply, Caruso's heavy reliance on the *Dost* factors is badly misplaced in the context of this case. Contrary to Caruso's suggestion, a reasonable jury could readily decide that the image he posted bears little resemblance to an innocent bath time photograph that a parent might take. And Caruso points to no evidence in this case that would reasonably place it in that context. *See Johnson*, 639 F.3d at 439-41. What's more, that image cannot be excised

from the other damning evidence in this case, including the overwhelming evidence of Caruso's foul social-media activity. *See id.*

But even if Caruso's proposed *Dost* argument had some merit, the decision not to make it was not so obviously deficient as to establish that his counsel "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 694. In any event, the Court is not persuaded that more attention to the image and the *Dost* factors would have somehow swayed the jury in Caruso's favor. *See Johnson*, 639 F.3d at 440-41 (discussing the jury's wide latitude in evaluating the *Dost* factors and determining the defendant's intent); *Morelos v. United States*, 709 F.3d 1246, 1250 (8th Cir. 2013) (concluding the defendant failed "to prove he was prejudiced by either [his counsel's] efforts at cross-examination or failure to raise additional objections"). Abundant evidence in this case reasonably takes the image—and Caruso's actions with regard to that image—miles away from any innocent purpose. *See Johnson*, 639 F.3d at 440-41 ("[E]ven images of children acting innocently can be considered lascivious if they are intended to be sexual.").

In the same vein, the Court will not second-guess Frank's cross-examination of witnesses or use of her expert witness at trial. *See, e.g.*, *Ford*, 917 F.3d at 1023-24 (explaining that matters of trial strategy like impeachment decisions and cross-examination techniques generally fall within counsel's professional discretion); *Sanders v. Trickey*, 875 F.2d 205, 207 (8th Cir. 1989) ("A court must avoid second-guessing trial strategy."). Effective "[r]epresentation is an art" with one difficult tactical decision after another. *Strickland*, 466 U.S. at 689, 693; *Barnes v. Hammer*, 765 F.3d 810, 814 (8th Cir. 2014) (presuming tactical decisions rather than neglect).

With the benefit of hindsight and a rather healthy dose of fantastical thinking, Caruso displays "a natural tendency to speculate as to whether a different trial strategy might have been more successful." *Lockhart*, 506 U.S. at 372; *see also Strickland*, 466 U.S. at 689 ("It is all too tempting for a defendant to second-guess counsel's assistance

10

after conviction or adverse sentence."). But in reality, he does not credibly call into question Frank's performance or its purported impact on his guilty verdicts. *See United States v. Watkins*, 486 F.3d 458, 466 (8th Cir. 2007) (discussing the difficulty of showing prejudice based on the failure to ask specific questions on cross-examination), *judgment vacated on other grounds*, 552 U.S. 1091 (2008).

The same is true for Caruso's cursory attack on Bradford's strategy on appeal. Not only does the Sixth Amendment "not require that counsel raise every colorable or non-frivolous claim on appeal," Caruso abjectly fails to articulate any ground for relief that he thinks would have been stronger than the issues Bradford raised. *New v. United States*, 652 F.3d 949, 953 (8th Cir. 2011) (explaining that without contrary evidence, courts should assume that any failure to make a particular claim was a sound strategic decision); *see also Walker v. United States*, 810 F.3d 568, 579 (8th Cir. 2016) (noting the review of counsel's performance "is particularly deferential when reviewing a claim that appellate counsel failed to raise an additional issue on direct appeal" (quoting *Charboneau v. United States*, 702 F.3d 1132, 1136 (8th Cir. 2013)).

Caruso vaguely asserts Bradford's fifty years of experience should have led to better issues on appeal. *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986) (concluding "vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255"). But "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). Caruso has just not shown Bradford was unconstitutionally ineffective on appeal.

D.   **No Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(1)(B), Caruso cannot appeal the Court's denial of relief unless the Court issues a certificate of appealability. *See also* Fed. R. App. P. 22(b)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). "A certificate of appealability may

11

issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To meet his burden in this case, Caruso "must demonstrate that reasonable jurists would find the [Court's] assessment of [his] constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because he has not done that, the Court will not issue a certificate of appealability in this case.

### III. CONCLUSION

"The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003). The Court's careful review of Caruso's § 2255 motion, exhibits, "and the files and records of" his "case conclusively show that" he is not entitled to any relief on his claims of ineffective assistance of counsel. 28 U.S.C. § 2255(b). For that reason,

IT IS ORDERED:
1. Defendant Timothy Caruso's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 174), motion to appoint counsel (Filing No. 177), and motion for additional time to reply (Filing No. 181) are all denied.
2. No certificate of appealability will issue.
3. A separate judgment will be entered.
4. The Clerk of Court is directed to send a copy of this Memorandum and Order and the Judgment to Caruso at his address of record within the Bureau of Prisons.

Dated this 29th day of April 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge