IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> v.<br><br>TIMOTHY E. CARUSO,<br><br>    Defendant. | 8:20CR2<br><br><br>MEMORANDUM<br>AND ORDER |

  This matter is before the Court on defendant Timothy Caruso's ("Caruso") *pro se* Motion for Reconsideration (Filing No. 187). Caruso asks the Court to reconsider its recent denial (Filing No. 182) of his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 174).

  In conjunction with its ruling on that motion, the Court denied Caruso's separate request for additional time to file a reply (Filing No. 181). The Court determined that Caruso's claims of ineffective assistance of counsel were not particularly complex and that he had effectively investigated and articulated his claims—even though the Court ultimately determined they lacked merit under *Strickland v. Washington*, 466 U.S. 668, 698 (1984).

  Though Caruso nominally moves the Court to reconsider its ruling on his § 2255 motion, as a practical matter, he actually asks the Court to "reconsider" its ruling on his request for additional time to file a reply. He asserts that decision denied him his right to exercise due process and prevented him from presenting additional evidence in support of his §2255 motion, including some "newly discovered" evidence.[1]

---

[1] Caruso does not provide that evidence, and the Court does not read his motion as "[a] second or successive" § 2255 motion. *Id.* § 2255(h).

Having carefully considered Caruso's motion and the balance of the record in this case, the Court finds he is not entitled to any relief.[2] Simply put, he has not provided a compelling reason for the Court to reconsider its prior decision.

Caruso places more weight on his proposed reply than it can bear. Courts typically do not consider new arguments and errors raised for the first time in a reply brief, particularly when they could have been raised sooner. *See, e.g., Jones v. Aetna Life Ins. Co.*, 856 F.3d 541, 549 (8th Cir. 2017); *United States v. Morris*, 723 F.3d 934, 942 (8th Cir. 2013). Rule 2(b)(1) and (2) of the Rules Governing Section 2255 Proceedings for the United States District Courts likewise require that a § 2255 "specify all the grounds for relief available to the moving party" and "state the facts supporting each ground."

The form Caruso used to present his motion specifically advised him to "state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States." Rule 5(d) permits a reply within the time permitted by the judge or set by local rule, but it does not contemplate the expansive opportunity to present new evidence that Caruso proposes.

In light of the foregoing,

IT IS ORDERED:
1. Defendant Timothy Caruso's Motion for Reconsideration (Filing No. 187) is denied.
2. No certificate of appealability will issue.

---

[2]Caruso does not proffer a statutory or procedural basis for his motion. Federal Rules of Civil Procedure 59 and 60 are often used, but neither affords him any relief on this record. *See Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011) (noting the Federal Rules of Civil Procedure do not provide for "a self-styled motion to reconsider" and explaining that the Eighth Circuit typically construes "such a filing as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment.").

Dated this 7th day of June 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge